## A. J. BARR, ADMINISTRATRIX *v.* J. L. LEWIS.

1. TRUST.　*Note given commissioner.　Negligence.*

 Where a commissioner in a chancery sale takes a note for purchase-money, and intrusts it for collection to a lawyer, who, without authority, intrusts it to another attorney, and he collects and fails to account for the money, the legal obligation resting on the commissioner, as a trustee, to use reasonable vigilance in looking to his attorney and exacting an account, devolves, at his death, upon his legal representative, who, by neglect as to this, renders the estate of the commissioner liable to the beneficiary.

2. SAME.　*Negligence of legal representative.　Liability of estate.*

 In such case, the sickness, absence and inability of the commissioner to look after the claim, and the fact that he died without knowing all the facts, that the money did not come to his hands or the hands of his lawyer, and that no negligence is imputable to him, will not affect the liability of his estate, which rests upon the negligence of the personal representative. And it is immaterial that the representative knew nothing of the matter until suit brought against the estate.

3. LIMITATION OF ACTIONS.　*Code* 1880, § 2694; *when applicable.*

 Section 2694, code 1880, providing that when a right in action is in a guardian or other trustee, the time during which the statute of limitations runs against such trustee shall be computed against the person beneficially interested, though under disability, does not apply where a right of action in favor of an infant having a guardian accrued, and the guardian died prior to November 1, 1880, when the section first went into effect.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

By a decree of the chancery court of Lafayette county, rendered March 3, 1874, R. W. Black was appointed commissioner to sell certain land, of which appellee, J. L. Lewis, then a minor, owned a one-third interest. The land was sold December 21, 1874, one Jacobs becoming the purchaser, for the sum of $1,977, of which amount one-half was paid cash,

and for the remainder a note of the purchaser was taken by the commissioner, payable twelve months after date. The sale was confirmed, and the cash was paid over to the persons entitled thereto according to the decree. The note of the purchaser was taken by the commissioner and placed in the hands of H. A. Barr, an attorney, for collection. The said Black was, at that time, in ill health, on account of which he went to Texas. On April 20, 1876, at the instance of T. H. L. Wright, one of the beneficiaries, owning a one-third interest in the note, the same was by Barr turned over to H. M. Sullivan, an attorney, for collection, and he gave Barr a receipt for the note. On the same day it appears that Sullivan collected the full amount of the note from the maker. Sullivan having died, his collection-book was introduced in evidence in this case, showing that the note was collected and that he had paid to T. H. L. Wright and Mrs. Alford each one-third of the amount, these parties being, with J. L. Lewis, the beneficiaries in the note. Black returned from Texas June 30, 1876, and, being still in bad health, was confined to his bed until July 21, 1876, when he died.

W. H. Lewis, the father of J. L. Lewis, was his guardian, and the decree directed that the share of the minor be paid to him. Said guardian died August 24, 1879. Appellee, said J. L. Lewis, attained his majority in October, 1890. After the death of his father, it does not appear that he had any other guardian. On March 29, 1892, he brought this suit against the appellant, A. J. Barr, formerly Black, administratrix of the estate of R. W. Black, deceased, for one-third of said note, with interest.

The administratrix pleaded the general issue, and gave notice thereunder that, as the decree of sale directed the share of plaintiff, J. L. Lewis, then a minor, to be paid to his guardian, and as the legal title to his share was in the guardian, the right of action was barred by the statute of limitations. She also gave notice that the amount sued for had been paid, but there was no evidence tending to show payment.

On the trial the above facts were shown. There was also introduced in evidence the list of claims probated against the estate of H. M. Sullivan, on which list the claim in suit does not appear. The case was tried before the court without a jury. Plaintiff recovered judgment for the amount claimed. Defendant appeals.

Section 2694, code 1880, which went into effect November 1, 1880, is as follows: " When the legal title to property, or a right in action, is in an executor, administrator, guardian or other trustee, the time during which any statute of limitations runs against such trustee shall be computed against the person beneficially interested in such property or right in action, although such person may be under disability and within the saving of any statute of limitations, and may be availed of in any suit or action by such person."

*H. A. Barr*, for appellant.

1. Black was certainly in the line of his duty in leaving the note in the hands of Barr for collection. Barr was not authorized by him to deliver the same to Sullivan. On account of the illness of Black, he could not give the matter personal attention, and there was no dereliction of duty whatever on his part. Therefor, he cannot be held responsible. The note was turned over to Sullivan at the request of Wright, one of the beneficiaries, and it is a significant fact that the money was collected on the same day. A commissioner is only held to good faith and due diligence in the discharge of his duty. Here neither bad faith nor want of diligence can be imputed to Black. Owing to ill health, he was compelled to leave the state, and he placed the note in the hands of an attorney. After his return from Texas, he was confined to his bed by sickness until the time of his death. He not only did not get the money, but it was impossible, under the circumstances, for him to have gotten it.

Sullivan was not Black's attorney. Barr had no authority from Black to deliver the note to Sullivan, and he knew

nothing of it. The relationship of attorney and client is one of trust and confidence, and the authority of the attorney cannot be delegated to another. On this point, see *Dickson* v. *Wright*, 52 Miss., 585; Wharton on Agency, §§ 28, 34, 579, 581.

2. While I rely with confidence on the foregoing, I submit, for the consideration of the court, whether the plaintiff has any standing in a court of law, and whether the suit is not barred by the statute of limitations. W. H. Lewis, as guardian of plaintiff, was a party to the chancery proceedings, and the decree directed the money due the ward to be paid to him as guardian. As such guardian, he was certainly barred by the statute of limitations. The cases. beginning with *Bacon* v. *Gray*, 23 Miss., 140, hold that the equity of an infant may be enforced by him after his guardian has been barred, but he must proceed in equity.

W. H. Lewis had the legal title, and his death did not stop the running of the statute of limitations. Is not the ward barred by § 2694, code 1880?

*Stone & Lowrey*, for appellee.  •

1. The long acquiescence in the act of Sullivan in receiving and collecting the note, is strong presumptive evidence that all this was known to Black or his legal representative, and that there had been a settlement of the matter, so far as the attorneys were concerned. Wharton on Agency, § 579.

2. If it is true that Barr, having the note in his possession, turned it over to Sullivan, without the knowledge or consent of Black, and that the purchaser paid the note, believing Sullivan had the right to collect it, then he would be protected although the money was never paid over by the attorney. *Dickson* v. *Wright*, 52 Miss., 585. Black's remedy, in that event, would be complete against Barr. Wharton on Agency, § 602.

3. The guardian of plaintiff died in 1879. Prior to the code of 1880, an infant's right to sue survived the right of the guardian. *Eckford* v. *Evans*, 56 Miss., 18. This suit was

brought within less than three years after plaintiff attained his majority. The decree directing the money of plaintiff to be paid over to his guardian, did not invest the guardian with title. *Bull* v. *Dagenhard*, 55 Miss., 602. He was simply empowered to receive and hold the property of the minor until he should become of age.

4. There is no good reason why the right of plaintiff could not be asserted in a court of law. However, § 147, constitution 1890, relieves against any mistake in the selection of the forum.

Argued orally by *H. A. Barr*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

True, the act of Barr, the attorney to whom Black had intrusted the claim for collection, in surrendering it to Sullivan, did not bind Black, and his estate cannot be charged by reason of that, but the legal obligation which rested on Black in his life-time to exercise reasonable diligence and vigilance in looking to his attorney for this claim, which he had committed to him for collection, and exacting an account of him, was devolved by law on his administratrix as his representative, who was bound to perform this duty, and is liable in her representative capacity for its neglect, and on that ground Black's estate is answerable for this debt, if it is not barred by the statute of limitations.

If any is applicable, it is the six years statute of limitations. It is not applicable, because the death of Black, and the delivery of the note to Barr, and by him to Sullivan, and the collection of the money, all occurred in 1876, and since the wholesome provision contained in § 2694 of the code of 1880, there has not been a right of action in an executor, administrator, guardian, or other trustee, so far as the record shows, so as to bring the case within its just terms, and for that reason it cannot be applied to the case so as to stop the running of the statute of limitations.

The right of action to charge Black, or his estate, for account of his responsibility in the matter, accrued to the guardian of the minor, J. L. Lewis, and that guardian died in 1879, and, under the code then in force, there was a right of action in the minor to whom the fund belonged, and the statute of limitations did not apply to him, and this right of action which accrued under the code of 1871 continued, subject to that code, unless a bar accrued before suit brought under the code of 1880, as provided by § 2692 of that code, and, as already stated, a bar did not accrue by virtue of § 2694 of that code, for the reason that the right of action is not shown to have been in any trustee for him, and therefore that section does not apply. That section had no existence as law until November 1, 1880, and it does not affect this case, because of the absence of the conditions designated by it, to wit; legal title or right in action of a trustee for the minor who might and should have asserted his right to the money.

Without § 2694 of the code of 1880, it is indisputable that J. L. Lewis, the *quondam* minor, was not barred of his right of action when this suit was instituted. This appears by many decisions in this state.

*Affirmed.*

*H. A. Barr*, for appellant,

Filed a suggestion of error, making the following points: The money claimed by plaintiff never came into the hands of Black, and it did not fail to reach him by reason of any negligence or dereliction of duty on his part. Certainly he incurred no liability in going to Texas on account of his health, and in leaving the note in the hands of a lawyer for collection. So far as the record shows, he never heard of the note from the time he turned it over to the lawyer. A short time after the money was collected he returned to his home, and soon thereafter died. Upon what ground can it be claimed that he was in default? The law does not require impossibilities. One cannot be held responsible for failing

to perform duties when the circumstances preclude him from
performance. Unless the law has become a travesty upon
justice, Black cannot be held responsible for failing to do
that which was impossible. If Sullivan had been the lawyer
of Black, a different rule might obtain. The facts show that
Sullivan got the money, and never paid it over. He or his
estate is liable for it. Neither Black nor his administratrix
incurred any liability.

CAMPBELL, C. J., delivered the response of the court to sug-
gestion of error.

The sickness and absence and inability and death of Black,
and the fact that the money did not come to his hands or the
hands of his lawyer, and that no negligence or dereliction
of duty while he lived is imputable to him, do not, in any
manner, affect the question of legal liability of his estate.
He certainly incurred the liability of a trustee in becoming
commissioner and acting as such, and did not acquit himself
by giving the note to Barr for collection. His duty was to
look after the matter, and hold his attorney to his legal re-
sponsibility, and, when he died, this duty devolved on his
administratrix, who was charged with the responsibility of
her intestate as to all past acts. She should have looked to
Barr, and held him accountable for the note, and he, in turn,
could look to Sullivan or his estate. The fact that she may
not have known of the matter until this suit was instituted,
makes no difference as to the right of the complainant, as
the suit was not barred by limitation, as shown in the opin-
ion, and therefore it is to be considered as if she had timely
notice of all the facts.

It would be gratifying to us to see responsibility fixed
where it ultimately belongs, but the complainant is undoubt-
edly entitled to the decree obtained, on the plainest legal
rules, and our regret that the burden does not at once fall
where it seems ultimately to belong, furnishes no reason for
denial of the unmistakable legal right of the complainant to

resort primarily to the estate of Black, and let its representative seek redress where it should be obtained.

*Suggestion denied.*